## L. CARRIZAL v. THE STATE.

No. 20568. Delivered November 8, 1939.
Rehearing Denied December 20, 1939.

104

The opinion states the case.

*Floyd D. James,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is unlawful possession of marihuana. The punishment assessed is confinement in the State penitentiary for a term of two years.

The record shows that two deputy sheriffs, accompanied by a Mexican man, went to appellant's home with what purported to be a search warrant, to search his premises for marihuana. When they arrived, appellant was absent but his wife and children were there. The officers informed her of their mission and read the search warrant to her, whereupon she said: "Go ahead and search." A few minutes later appellant

appeared and the officers advised him of their purpose and read the warrant to him and he told them to go ahead and search; that he did not have any marihuana—only some herbs. The search revealed a quantity of marihuana stored in a can. Appellant testified that he had been in Wisconsin and had gathered some herbs there to bring to his sick father to be used for medicinal purposes. That he did not know the herbs were marihuana.

Upon the trial, the court upon objection of appellant's attorney, held the search warrant insufficient, but admitted all of the evidence discovered as a result of the search on the theory that the officers had permission to make the search. No objection to the admission of such evidence seems to have been interposed, as there is no exception in the record complaining of its admission. If a proper and timely objection had been made to the admission of such testimony and the same had been brought here for review by a proper bill of exception, a most serious question would have been presented. See Balch v. State, 115 S. W. (2d) 676 and authorities there cited. But in the absence of any objection, the matter is not properly before this Court for review. See Fisher v. State, 1 S. W. (2d), 301. Moreover it will be noted that appellant took the witness stand and testified that he told the officers he had the herbs in a can and they went and got it. Consequently he got before the jury the fact that he possessed the herb which proved to be marihuana. Hence the same testimony as that offered by the officers as a result of the illegal search was offered by appellant, and he has no just grounds for complaint. See McLaughlin v. State, 4 S. W. (2d), 54; Machado v. State, 17 S. W. (2d), 1060; Flower v. State, 18 S. W. (2d), 659; Stone v. State, 22 S. W. (2d), 140; Reusch v. State, 45 S. W. (2d), 209; Schaefer v. State, 53 S. W. (2d), 302; Moss v. State, 50 S. W. (2d) 835; Hinton v. State, 55 S. W. (2d), 837.

The only bill of exception appearing in the record relates to the action of the court in overruling appellant's second motion for a continuance. The application is insufficient in that it fails to set out what fact or facts appellant expected to prove by said witness or that said testimony could not be procured from any other source. Moreover, it appears from the statement of facts that the allegedly absent witness did appear and testify. Consequently no error is shown.

No matters appearing for review, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

Appellant contends that the evidence is insufficient to show that the substance he possessed was marihuana. An experienced chemist testified upon the trial, in part, as follows: "We took the substance of that sack and made the investigation and test for marihuana. There are several tests recognized for that purpose and we made them all. They are used by the Government Narcotic Bureau. One of those is the microscopic test when some of the material is placed under a high power microscope, and then there is the chemical test where some of the material is treated with chemical agents and the reactions observed. We made those tests and the tests proved to be positive for marihuana. The material was taken from various parts of the sack. I took some from the top and some from the bottom." Because the witness testified on recross-examination that he had no license that qualified him as an expert it is appellant's position that his testimony to the effect that the substance was marihuana is entitled to no weight. In connection with such testimony the witness made a statement as follows: "As to whether or not I can tell marihuana by the smell I will say that it has a peculiar odor and that it is a matter of experience rather than chemical knowledge. It has a very characteristic odor. It is very difficult to describe that odor but it is a peculiar odor or something of that sort. I can't describe it to you no more than I can describe the odor of tobacco. It just smells like marihuana. It also has a peculiar odor when it is burned." He testified further, "This substance smelled like marihuana."

The fact that the witness said that he had no license making him an expert would not warrant this Court in holding that the evidence is insufficient. We quote from Hernandez v. State, 129 S. W. (2d) 301:

"Appellant objected to the testimony of the officers to the effect that the cigarettes contained marihuana on the ground that they were not 'qualified as experts to give such an opinion.' We think the objection was properly overruled. The witnesses gave testimony showing that they were familiar with marihuana. In Miller v. State, Tex. Cr. App., 50 S. W. 704, Presiding Judge Davidson, speaking for the court, said: 'While the witness Robertson was on the stand he testified that his resi-

dence in the City of Temple was burglarized on the night of the 12th of November, 1898, by some one unknown to him; that he was aroused during the night by hearing the noise, and smelled chloroform. Appellant objected to the remark of the witness with reference to chloroform, because he had not qualified himself as an expert on medicines and drugs, and it was his mere opinion. Several other objections were urged. This testimony was clearly admissible.' We quote from 11 Ruling Case Law 636; 'The identification of an odor as that of a certain drug or poison may be made and testified to by any person familiar with the drug in question.' "

We must adhere to our conclusion that we would not be warranted in reversing the judgment, notwithstanding it should be conceded that the search was illegal. We say this in view of the fact that there are no bills of exception in the record in which complaint is made of the testimony touching the result of the search.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.