Per Curiam.

Since the defendant William Smith was not named or described in the warrant and since the arresting officer did not have probable cause to believe that he had committed a crime — although he did enter the premises while the officer was there — the motion to suppress which he made should be granted. (See, e.g., United States v. Di Re, 332 U. S. 581, 587; United States v. Festa, 192 F. Supp. 160, 163; People v. Brown, 40 Misc 2d 35, 43.)
However, in regard to the claims of the other defendants, it is clear that the Trial Judge believed the facts insufficient to sustain the warrant only because of the absence of an informant to “corroborate the officer’s testimony.” Had he believed that testimony untruthful, he would not have deemed it capable or susceptible of being corroborated by an informer. The officer’s observations were sufficient, quite apart from the informer’s communication, to establish that probable cause existed to support the issuance of a warrant, or, indeed, to arrest without a warrant. (See, e.g., People v. Valentine, 17 N Y 2d 128, 132; People v. White, 16 N Y 2d 270, 273.) Since that is so, the People were not under the necessity of disclosing the identity of the informer or of producing him. (See, e.g., People v. Malinsky, 15 N Y 2d 86, 95.)
Order appealed from modified to the extent of reversing so much of the order as denied the motion to suppress made by defendant William Smith and, except as so modified, affirmed.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Ordered accordingly.