Michael NUS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41748.

Court of Criminal Appeals of Texas.

March 12, 1969.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Minton, Austin, for appellant.

Tom Blackwell, Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marihuana; the punishment, 4 years, probated.

Trial was before the court on a plea of not guilty.

The evidence reflects that nine containers in which there was refined marihuana, marihuana seed or mixtures of marihuana, marihuana stems and unrefined marihuana, were found in a search of the apartment

occupied by appellant and his co-defendant Walter Bivins, Jr.

The sole ground of error set forth in appellant's brief is identical with the ground of error which we overruled in Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, this day decided.

The affidavit upon which the search warrant here attacked was made on December 7, 1967. The affiants are not the same as the affiants in Gaston v. State, supra,[1] and a different magistrate was satisfied that the grounds existed and that probable cause was shown. Finding and believing in its existence he issued the warrant upon the affidavit which reads:

"Before me, the undersigned authority, on this day personally appeared the undersigned affiants, who being by me severally sworn, upon their oaths state, that: A certain building, house and place, occupied and used as a private residence, located in Austin, Travis County, Texas, described as Apartment #5 located at 304 East 33rd Street, Austin, Travis County, Texas, known as the DORIS APARTMENTS, which is a multi-colored, red brick, two story complex. Apartment #5 is located on the ground floor and has a blue door facing East, and being the building, house or place of MICHAEL B. NUS, W–M–22, 5'9", approximately 155 pounds, brown hair and eyes and other person or persons unknown to the affiants by name, identity or description, is a place where we each have reason to believe and do believe that said party so occupying and using, as a private residence, the said building, house and place has in his possession therein narcotic drugs, as that term is defined by law, and contrary to the provisions of law, and for the purpose of the unlawful sale thereof, and where such narcotic drugs are unlawfully sold; that on or about the 7th day of December, A.D.,

1967, *The* affiants have received information from a credible and reliable informant that the above named subject, Michael B. Nus, was keeping and using marijuana at his apartment located at 304 East 33rd Street, Apartment #5, Austin, Travis County, Texas. The informant has knowledge of what marijuana looks like and has *own* several occasions observed Nus under the influence of marijuana and has observed on more than one occasion Nus in possession of marijuana, the last time being within the past 48 hours. The informant also states that Nus· keeps the marijuana in the kitchen which is located in the rear of the apartment, which consist of three rooms separated by partitions instead of walls so that one can look over the partition from one room to the next. The door entrance leads first into the living room, then the bedroom and then into the kitchen.

> (s) Dan H. Lewallen, Jr., Affiant

> (s) Luther Jones, Affiant

"Subscribed and sworn to before me, by the within named affiants, on this the 7th day of December, A.D., 1967.

> (s) Bob Kuhn
> Justice of the Peace, Precinct No. 3, Travis County, Texas."

Gaston v. State, supra, is controlling.

The judgment is affirmed.

DOUGLAS, J., not participating.

ONION, Judge (concurring).

For the reasons set forth in my concurring opinion in Gaston v. State, 440 S.W.2d 297, this day decided, I concur in the results reached.

MORRISON, J., joins in this concurrence.

---

[1]. Neither of the affidavits reflects that the affiants were officers of the law, though in each case the record reflects that Sgts. of the Austin Police Department of the same names took part in executing the respective warrants.