Monty **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41750.

Court of Criminal Appeals of Texas.

March 12, 1969.

Rehearing Denied April 30, 1969.

Jones, Blakeslee, Minton, Burton & Fitzgerald, by Roy Q. Minton, Austin, for appellant.

Tom Blackwell, former Dist. Atty., Robert O. Smith, Dist. Atty., Phillip A. Nelson, Jr., Dain Whitworth, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful possession of marihuana, a narcotic drug; the punishment, two years, probated.

Trial was before the court on a plea of not guilty.

This is a companion case to that of Gaston v. State, TexCr.App., 440 S.W.2d 297, this day decided.

The evidence reflects that appellant was one of the six persons who appeared at the apartment after the officers had executed the search warrant. He was searched after an officer was unsuccessful in attempting to prevent his swallowing something which he took from his coat pocket and placed in his mouth. A plastic type medicine bottle containing a small amount of marihuana was found in one of his pockets.

Appellant's first ground of error is the same as that overruled in Gaston v. State, supra.

Appellant's second ground of error presents the alternative contention that the search warrant did not authorize the search of his person and his arrest was made without a warrant and without probable cause.

The grounds of error are overruled, our holding being that there was probable cause for the search warrant to issue and the warrant authorizing the search of the apartment and the arrest of Sharland Reeves Gaston included the right to search appellant. Gaston v. State, supra.

The judgment is affirmed.

DOUGLAS, J., not participating.

ONION, Judge (concurring).

For the same reasons set forth in Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, this day decided, I concur in the results here reached.

MORRISON, J., joins in this concurrence.

OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

On rehearing, appellant urges that regardless of the sufficiency of the search warrant, a search of appellant was not authorized by such search warrant and that the evidence seized as a result of a search of his person was inadmissible.

The facts show that as officers executed a search warrant at the premises of another person, appellant in company with five others walked into the house being searched. As soon as this group of people entered the house, one of the officers standing guard at the door through which they entered began a search of appellant. His superior told him to "move them into the kitchen, at which time I (the officer) moved him (appellant) on through and the others on through, and as they were going into the kitchen I observed him (appellant) run his hand into his pocket where I had already felt an object in the pocket, and I observed him run his hand into this coat pocket and take an object from his coat pocket and put it into his mouth". An effort to prevent appellant from swallowing whatever he placed in his mouth failed. But based on this act, the officer then conducted a search of appellant which turned up a container of marijuana (another object felt by the officer as a result of his previous abbreviated frisk).

The issue is simply whether officers executing a search warrant have the right, pursuant to the warrant's authority, to search persons entering the premises contemporaneous with the search being conducted.

In our recent opinion in Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831, we addressed ourselves to the right of the officers to search a person not named in the warrant but found on the premises at the time of execution of the warrant.

"The warrant was not defective as to appellant because it failed to name him as a resident of the described premises. As in Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455, the warrant authorized a search of 'other person or persons unknown to affiants by name, identity, or description', who might be found at the named location."

The warrant in this case contains identical language—"other person or persons unknown to affiants by name, identity or description". We agree with appellant's statement contained in his brief that "in the vast majority of cases an officer executing a valid search warrant will have the right and the duty to search persons on the premises", and we perceive no meaningful distinction between persons found on the premises by

the officers when they initiate their search and persons who entered the premises after the search has begun, which is the case here. It must be remembered that appellant voluntarily entered the premises while a search resulting in the discovery of a "pot party" was in progress, and after realizing what was happening, he acted in a most suspicious manner.

Appellant relies on two cases from other jurisdictions—People v. Smith, 21 N.Y.2d 698, 287 N.Y.S.2d 425, 234 N.E.2d 460, from the New York Court of Appeals, and State v. Bradbury, 243 A.2d 302, from the New Hampshire Supreme Court. In neither case is the warrant therein involved set out in full thus rendering a comparison between those warrants and the one involved here impossible. And if they were set out, and were identical to this warrant, we would not be inclined to reverse our line of authority supporting Hernandez v. State, supra, based on such decisions.

We note further that in this case, unlike the Smith case, appellant conducted himself in a manner which in itself provided probable cause for a search of his person in taking "an object from his coat pocket and (putting) it into his mouth" under the circumstances with which he was confronted.

Having found the warrant sufficient, appellant's presence at the premises at the time such warrant was being executed rendered him subject to a search by the officers. Since the rendition of our original opinion herein the Supreme Court of the United States has denied certiorari in Gomez v. Beto, 394 U.S. 936, 89 S.Ct. 1217, 22 L.Ed.2d 469. See also Bivins v. State, Tex. Cr.App., 440 S.W.2d 312 (delivered March 12, 1969); Gaston v. State, Tex.Cr.App., 440 S.W.2d 297 (delivered March 12, 1969; and Nus v. State, Tex.Cr.App., 440 S.W.2d 310 (delivered March 12, 1969).

Appellant's motion for rehearing is overruled.

DOUGLAS, J., not participating.