**Leon Alvin ROYAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 42320.

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

Rehearing Denied Jan. 14, 1970.

J. Charles Whitfield, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Theodore Busch, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, 25 years.

The brief submitted by appellant's most capable court appointed attorney concedes that his case will stand or fall on appeal on the question of the validity of the search warrant and the subsequent search.

The affidavit is identical in all material respects to that which we upheld in Brown v. State, Tex.Cr.App., 437 S.W.2d 829, certiorari denied, 393 U.S. 1089, 89 S.Ct. 850, 21 L.Ed.2d 782, and we adhere to our holding in that case and the cases cited therein.

On direct examination the appellant's counsel inquired of appellant as follows:

"Q. All right. Now, Mr. Royal, do you consider yourself an addict or are you an in-and-outer, one that gets hooked for a while and then gets free of it?

"A. Well, I am just an in-and-outer.

"Q. Are you now off of any narcotics habit now?

"A. Yes, sir.

"Q. And how long have you been free of it?

"A. About three months, four months."

Appellant contends that the court erred in declining to grant a mistrial when on cross-examination the prosecutor asked the appellant if he had not come into court the preceding day with narcotics in his possession. This was preceded by the question, "You testified a moment ago that you were not currently on the stuff: is that correct?", to which appellant replied in the affirmative.

The question of which appellant complains was answered in the negative before an objection was made and we have not been shown that the question was asked in bad faith.

 The appellant also contends that the name of the informer should have been furnished him. We have heretofore in Acosta v. State, Tex.Cr.App. 403 S.W.2d 434, held that where it was not shown that the informer " 'had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly' committed the act," the state was not required to disclose the name of the informer.[1]

The last ground of error to be discussed relates to the fact that in the argument on the hearing on punishment, the state's attorney referred to appellant as a "pusher" thus implying, as appellant contends, that he was a seller of narcotics. The

large amount of narcotics found in appellant's home would in itself justify the conclusion of the prosecutor. This is true without relying upon the prior conviction which was established.

Finding no reversible error, the judgment is affirmed.

---

1. See also: McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Rugendorf v. United States, 376 U.S. 538, 84 S.Ct. 825, 11 L.Ed.2d 887; Artell v. State, Tex.Cr.App., 372 S.W.2d 944; Bosley v. State, Tex.Cr.App., 414 S.W.2d 468; Jimenez v. State, Tex.Cr. App., 421 S.W.2d 910; Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831; Hamilton v. State, Tex.Cr.App., 438 S. W.2d 814.