Larry Wayne **SATERY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42521.

Court of Criminal Appeals of Texas.

Jan. 21, 1970.

Rehearing Denied March 18, 1970.
Certiorari Denied June 29, 1970.
See 90 S.Ct. 2258.

Charles W. Tessmer, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Camille Elliott, James P. Finstrom and J.

R. Ormesher, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is unlawful possession of marihuana; the punishment, two years.

Upon the waiver in writing of a jury, this cause was tried on a plea of not guilty before the court.

In his first ground of error, the appellant contends that the trial court erred in not excluding the evidence seized at the appellant's residence because the search warrant authorizing the search was invalid in that the affidavit did not state probable cause and that the reliability of the informant was not shown by sufficient fact as to when, where and what cases said informant had shown his reliability.

The pertinent portions of the affidavit for the search warrant read:

"* * * one Larry Wayne Satery and persons unknown did then and there unlawfully possess and does at this time unlawfully possess a narcotic drug and a dangerous drug, to-wit: Marihuana and Lysergic Acid Diethylamide in a residence being described as single story, white, frame, dwelling located at 8930 Diceman Drive in the City of Dallas, Dallas County, Texas, which said residence is possessed, occupied, under the control and charge of Larry Wayne Satery and persons unknown.

"My belief of the aforesaid statement is based on the following facts:

"I have been informed of the foregoing setout facts by a person, who I know to be reliable, credible and trustworthy, who states the following facts: The affiant has received information from a confidential source that Larry Wayne Satery has a large quantity of marihuana and approximately two-thousand tablets of Lysergic Acid Diethylamide in his possession at his residence located at 8930 Diceman Drive. That the informant has been to the location within the past twenty-four hours and has observed Larry Wayne Satery smoke a marihuana cigarette. The informant stated that Larry Wayne Satery had a large bowl full of marihuana on the coffee table in the living room and that there were several pipes on the coffee table near the bowl of marihuana. The informant further stated that Larry Wayne Satery returned from out of town with two-thousand tablets of Lysergic Acid Diethylamide and has them concealed in his residence. The affiant and other officers of the narcotic section have had the location under surveillance for the past several days and have observed several hippie type people, some of whom are known marihuana users, come to and leave the location. The affiant has received information from the informant in the past regarding narcotics and the information has always proved to be true and correct. The affiant has received information about Larry Wayne Satery from other informants and the information is the same."

It is concluded that the affidavit sets forth a sufficient factual basis to satisfy the magistrate that grounds existed and authorized his finding that probable cause was shown for the issuance of the warrant. Gaston v. State, Tex.Cr.App., 440 S.W.2d 297; Nus v. State, Tex.Cr.App., 440 S.W.2d 310; Aguilar v. State, Tex.Cr.App., 444 S.W.2d 935.

Appellant in his second ground of error contends that, "It was error for the trial court to allow the stipulation of the evidence concerning the chemical analysis and the chain of custody without the appellant's written consent to such stipulation."

Detective D. F. Hamer, a narcotics officer of the Dallas Police Department, testified without objection that on June 6, 1968 he obtained a search warrant drawn to

search the residence of the appellant at 8930 Diceman Drive in Dallas, Texas, and on the next day with other officers he conducted a search at that residence. The appellant along with his wife and his young child was present at the time of the search. Hamer further testified that he personally found two marihuana cigarettes on an end table next to the couch and two tablets of LSD; that he knew the appellant was in control of the premises in that he saw papers with the appellant's name on them, and while the officers were conducting the search, a man from one of the utility companies came to collect a utility bill which was paid by the appellant. Hamer further testified that another officer found one other marihuana cigarette and roughly 1100 "doses" of LSD, that he (Hamer) had worked for two years in the narcotics section and had seen at least a hundred different samples of marihuana, and that the two cigarettes he found were marihuana cigarettes. Carrizal v. State, 138 Tex.Cr.R. 103, 134 S.W.2d 287; Alcala v. State, 163 Tex.Cr.R. 453, 293 S.W.2d 645; Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466; Ex parte Droppleman, Tex. Cr.App., 362 S.W.2d 853.

Excluding the stipulated evidence complained of by the appellant, the evidence is sufficient to sustain the conviction. Appellant's second ground of error is overruled.

Appellant's third ground of error contends that, "Since the appellant had previously been tried and convicted for a violation arising out of the same transaction as the present cause, the trial court was without jurisdiction to try the present cause."

The appellant was convicted for possession of LSD with evidence obtained in the same search under the same warrant as is complained of in the present case; however, we do not reach the appellant's contention because the appellant's conviction for possession of LSD was void in that it was the result of a prosecution under an invalid statute. White v. State, Tex.Cr. App., 440 S.W.2d 660. 1 Branch 2d 618, Sec. 651. The trial court had jurisdiction to try the present case. Appellant's third ground of error is overruled.

The judgment is affirmed.