**Clevvie WARE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43554.**

Court of Criminal Appeals of Texas.

May 5, 1971.

Rehearing Denied June 9, 1971.

---

Emmett Colvin, Jr., Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeal is from a conviction for the possession of heroin. The punishment was assessed by the jury at fifty years.

The record reflects that officers armed with a search warrant went to appellant's apartment. As they approached the door one of them saw appellant run from the front to another part of the apartment. The officers entered and searched the appellant and found some marihuana in a sock that he was wearing. The officers handcuffed him and had him sit in a chair while the apartment was being searched. A capsule of heroin was found on the seat of the chair after the appellant got up. One of the officers picked up a chair, shook it and a cigarette package containing some sixty capsules of heroin fell to the floor.

In the second ground of error, appellant contends that the court erred in overruling his motion to suppress the evidence obtained in the search, because the affidavit to obtain the search warrant did not contain an affirmative allegation that the informant spoke with personal knowledge of the matters contained in the affidavit.

The affidavit, omitting formal parts, is as follows:

"I, B. S. Ball, do solemnly swear that heretofore, on or about the 11th day of July, A. D. 1969, in the City of Dallas, Dallas County Texas, one Clevvie Ware Jr., and person or persons unknown did then and there unlawfully possess and does at this time unlawfully possess a narcotic drug, to-wit: Heroin in an apartment being described as the Big 'D' Apartments, apartment #138, located 2028 East Kiest Blvd. #138 in the City of Dallas, Dallas County, Texas, which said apartment is possessed, occupied, under the control and charge of Clevvie Ware Jr., and person or persons unknown.

"MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"I have been informed of the foregoing setout facts by a person, who I know to be reliable, credible and trustworthy, who states the following facts: That Clevvie Ware Jr., has a quantity of heroin concealed in his apartment. That the heroin is concealed in a rubber container hidden in the lining of a white chair, in the living room. That he also has a quantity of heroin concealed in a rubber stall hid in the plumbing fixtures in the kitchen. That the confidential informant has seen the heroin within the last (48) forty eight hours. That I have received this information within the last (24) twenty four hours. That Clevvie Ware Jr., is known by the members of the Dallas Police Department, Narcotic Section to use and sell narcotic drugs. That I believe this information to be true and reliable. That this confidential informant has given true and reliable information concerning narcotic violations before. Other members of the Narcotics Section, of the Dallas Police Department

258

has also received information that Clevvie Ware Jr., has been selling and using narcotic drugs."

The affidavit as a whole, including the statements that the informant had told Ball that Clevvie Ware, Jr. possessed heroin at his apartment and had seen it within the last forty-eight hours, amounts to an allegation of personal knowledge on the part of the informant.

The affidavit contains sufficient allegations of fact to show probable cause for the issuance of the search warrant. See Gaston v. State, Tex.Cr.App., 440 S.W.2d 297; Nus v. State, Tex.Cr.App., 440 S.W.2d 310, and Aguilar v. State, Tex.Cr.App., 444 S.W.2d 935. The second ground of error is overruled.

In the first ground of error it is contended that appellant was denied effective assistance of counsel and the right to the confrontation of witnesses because the court refused to require the witnesses to reveal the name of the informant.

Officer Ball testified that the informant was not present at the time of arrest. The record shows that Shirley Huffman and Dhority Smith were in the apartment at the time of the search. The appellant inquired if JoAnn Brown was the informant. Officer Ball answered that she was not. The appellant testified during the trial that JoAnn Brown was a narcotic addict and had lived with him at the apartment some time before the search.

The Supreme Court of the United States stated in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639:

"The purpose of the privilege (informer's privilege) is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

"* * *.

"* * * The problem (of disclosure of informant's identity) is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. * * *"

Appellant relies upon Roviaro and contends that his lack of knowledge of any narcotics in the apartment is a defense that requires the identity of the informant be made known.

In the case at bar, the charge was possession. This is not a sale or receiving and concealing as in Roviaro v. United States, supra, where the evidence showed the informant was an active participant in the crime.

Appellant contends that the identity of the informant was important here because the evidence shows that the informant was a principal in the possession because the informant saw appellant conceal the heroin in a chair. This allegation, if true, would not make one a principal. Mere presence or knowledge of an offense does not make one a principal. See 2 Branch's Ann.P.C. 2d, Section 709, and the authorities there cited.

Appellant, by his questions, attempted to show or leave the impression that the heroin was planted or placed there by JoAnn Brown and that she was the informant. There is no showing in the record that he had a subpoena issued for her or the two other people who were in the apartment during the search.

In Aguilar v. State, Tex.Cr.App., 444 S.W.2d 935, this Court stated:

"* * * There was no showing that the informer participated in the offense, was present at the time, or was a material witness as to whether the appellant had committed the act charged. Absent such showing, the trial court did not err in refusing to require the State to disclose the name of the informer."

See Royal v. State, Tex.Cr.App., 448 S.W. 2d 470; Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, and McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62. We hold that the court did not err in refusing to require the officer to reveal the name of the informant. The first ground of error is overruled.

■ Appellant's third ground of error is that a charge on circumstantial evidence should have been given. In Scelles v. State, Tex.Cr.App., 358 S.W.2d 623, this Court reversed a conviction for failure to charge on circumstantial evidence. The facts are similar to those in the case at bar except that in Scelles there was no showing that the premises were owned or controlled by Scelles. In the case at bar, the appellant admitted that the premises were his and is distinguishable from Scelles. We hold that no charge on circumstantial evidence was required under the facts of this case.

Complaint is made in the fourth ground of error of an unresponsive answer of Officer Ball on cross-examination when the following transpired:

"Q. (Appellant's counsel) All right, having checked his (appellant's) record, tell the jury whether he had been convicted of a felony for any crime involving moral turpitude?

"A. I don't recall that he has ever convicted; he has been arrested numerous times."

Appellant's objection was sustained. The court instructed the jury not to consider the unresponsive answer to the question and overruled the motion for mistrial.

■ The appellant later testified on direct examination that he had been convicted for carrying a pistol and for carrying a knife. In view of this testimony and the instruction by the court not to consider that part of the officer's testimony concerning the arrest, no reversible error has been shown. See Harris v. State, Tex.Cr.App., 435 S.W.2d 502.

In the fifth ground of error appellant contends that reversible error was committed when the prosecutor stated in his argument to the jury that the appellant "has seen thousands of caps of heroin, and I mean literally thousands." An objection by the appellant was sustained and the jury was instructed not to consider the statement.

The appellant had previously testified that JoAnn Brown who had lived with him used some three capsules of heroin a day. The record shows that capsules of Dormin which apparently could be used for cutting, or mixing with heroin, to reduce its strength were found in the apartment.

■ The statement of the prosecutor was probably a somewhat exaggerated deduction from the evidence. However, we conclude that in view of the instruction to the jury not to consider the statement and in view of the evidence about the 61 capsules found in the chair and the other capsules in the apartment plus the fact that his former companion used heroin, no reversible error is shown.

The judgment is affirmed.