William S. HAMRICK, Appellant.

v.

The STATE of Texas, Appellee.

No. 46903.

Court of Criminal Appeals of Texas.

May 30, 1973.

Thomas D. White (On appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Henry Oncken, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is a revocation of probation proceeding.

Appellant was convicted of burglary on May 28, 1971; his punishment was assessed at eight (8) years, probated. One of the conditions of probation was that he not violate the law.

On August 9, 1971, the State filed a motion to revoke probation alleging, among other things, that appelant possessed marihuana and carried a prohibited weapon in violation of his probation. Following a hearing on November 19, 1971, appellant's probation was revoked.

On the 19th of March 1971 an affidavit was filed in Justice of the Peace Precinct 1 of Harris County charging appellant with the felony theft of a 1967 Volkswagen from one Jerry Camperi. On April 17, 1971, a felony theft indictment was returned by the Grand Jury of Harris County charging appellant with the theft of a 1967 Volkswagen from Jerry Camperi. On July 30, 1971, the arrest in the instant proceeding was effected resulting in a search which revealed marihuana which was made the basis of this revocation proceeding.

The sole contention presented for review is that the affidavit for the arrest charging the same offense makes it unnecessary to pass upon the question of the sufficiency of the affidavit before the Justice of the Peace.

To recapitulate, this arrest and the incident search were effected after the return of the indictment, and the affidavit for the arrest warrant which preceded the indictment need not be considered in order to determine if it recites probable cause.

In Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283, in an opinion by Mr. Justice Sutherland we find the following:

"It reasonably cannot be doubted that, in the court to which the indictment is returned, the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause . . ."

See also Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed.

1088, in an opinion by Mr. Justice Douglas. We quote therefrom:

"Take the case of the grand jury. It returns an indictment against a man without a hearing. It does not determine his guilt; it only determines whether there is probable cause to believe he is guilty. But that determination is conclusive on the issue of probable cause. As a result the defendant can be arrested and held for trial."

We state the matter in another way. There was no intimation that the arresting officer Price acted in bad faith. Price proceeded on information sufficient to constitute probable cause. The fact that the affidavit for the warrant did not recite probable cause was unknown to Price. He had information that appellant was wanted for felony theft of an automobile and this was true. Price acted on this information in effecting appellant's arrest.[1]

There was outstanding at the time of appellant's arrest a valid after indictment capias ordering his arrest for the theft of the automobile named in the original affidavit.

The Fifth Circuit Court of Appeals in United States v. Wilson, 451 F.2d 209, 215 (1971), in discussing an analogous situation to that before us here, has stated the following:

"A search incident to an arrest valid on one ground is not an illegal search merely because the arrest would be invalid if supported only by the faulty warrant."

The Eight Circuit in Klingler v. United States, 409 F.2d 299, 305 (1969), in discussing a similar situation, said:

"Notwithstanding the officer's mistaken statement of grounds, the existence of probable cause for a robbery arrest prevents the vagrancy arrest from being considered pretextual."

We conclude that the arrest was valid. The judgment is affirmed.

---

1. The marihuana which constitutes the basis for this revocation fell from appellant's underwear as he was searched prior to being placed in the jail cell. No serious contest of the illegality of the search following the arrest is made. The principal attack is upon the legality of the original arrest.