Francisca Lozano Fraga **PECINA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48665.

Court of Criminal Appeals of Texas.

Nov. 13, 1974.

Rehearing Denied Dec. 18, 1974.

**402**

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, life.

Appellant challenges first the lawfulness of her arrest and the admission into evidence of the contraband seized from her person and, second, she questions the propriety of the prosecutor's closing argument.

Dallas police officer Green testified he received information from a confidential informant that appellant was dealing in heroin from her residence. On the basis of the information the officer obtained a search warrant for appellant's home and automobile. After obtaining the warrant and approximately one-half hour after receiving the original information, he drove by the Chug-A-Lug Lounge and saw appellant's automobile. He and other officers, summoned to the scene, entered the lounge and arrested the appellant. They found a switch-blade knife and a bottle of 11 biphetamine capsules in her purse. A further search of her person by a police matron at the jail disclosed 45 packets of heroin. A subsequent search of her home and automobile yielded no additional contraband.

The officers returned the two warrants with the endorsement that "No seizures" and "No arrests" were made "in obedience to the command of said warrant."

Initially appellant contends her arrest was without probable cause. She claims the authority to arrest contained in the search warrants was conditional and became operative only if the contraband described in the search warrants was found. We reject this contention.

Article 18.10, Vernon's Ann.C.C.P., in effect at the time of trial [1] states:

"The magistrate, at the time of issuing a search warrant, may also issue a warrant for the arrest of the person accused of having stolen the property, or of having concealed the same, or of having in his possession or charge property concealed at a suspected place, or of having possession of implements designed for use in the commission of the offense of forgery, counterfeiting or burglary, or of having the charge of arms or munitions prepared for the purpose of insurrection, or of having prepared such arms or munitions, or who may be, in any legal manner, accused of being accomplice or accessory to any offense above enumerated."

Article 18.11, V.A.C.C.P., states:

"The search warrant may, in addition to commanding the peace officer to seize

---

1. Article 18.03, V.A.C.C.P. (as amended by Acts 1973, 63rd Leg., p. 982, Ch. 399, Sec. 2(E), effective January 1, 1974), which replaces former Articles 18.10 and 18.11, supra, provides:
   "If the facts presented to the magistrate under Article 18.02 of this chapter also establish the existence of probable cause that a person has committed some offense under the laws of this state, the search warrant may, in addition, order the arrest of such person."

property, also require him to bring before the magistrate the person accused of having stolen or concealed the property."

■ Clearly then, a combination arrest and search warrant is valid. Garza v. State, Tex.Cr.App., 456 S.W.2d 374, Giacana v. State, 169 Tex.Cr.R. 101, 335 S.W.2d 837. See and compare Fletcher v. State, 171 Tex.Cr.R. 74, 344 S.W.2d 683.

It is well established that both arrest and search warrants must be issued only upon probable cause.

■■ Therefore, an arrest warrant incorporated within a search warrant must be based upon probable cause. In this regard an arrest warrant incorporated within a search warrant is no different than an arrest warrant issued separate and independent of a search warrant. And it should be noted that the authority to arrest under an arrest warrant incorporated in a search warrant is not limited to the premises described in the search warrant. Dawson v. State, Tex.Cr.App., 477 S.W.2d 277; Jones v. State, Tex.Cr.App., 496 S.W.2d 566.

If probable cause for an arrest warrant is required, as it is, then it would not be logical to condition the arrest warrant incorporated within a search warrant upon the finding of contraband upon the premises described in the search warrant. If the officers find contraband acting pursuant to a search warrant, then the right to arrest *without a warrant* may exist under the circumstances without more. To say that a warrant to arrest based upon probable cause in the affidavit must be delayed until further fortified by the finding of contraband is not logical.

The pertinent portion of the search warrant's command is:

"YOU ARE THEREFORE COMMANDED TO FORTHWITH SEARCH THE PLACE ABOVE NAMED AND DESCRIBED WHERE THE SAID NARCOTIC DRUG AND DANGEROUS DRUG, TO-WIT: Heroin are alleged to be concealed, and if you find such narcotic drug and dangerous drug, or any portion thereof, you will seize same and bring it before me at my office, situated at 410 S. Beckley Ave. in the City of Dallas County, Texas, on the 25 day of July, A.D., 1972. AND you are commanded to arrest and bring before me, at said place and time, the said Francisca Pecina and person or persons unknown accused of the possession of the said narcotic drug and dangerous drug."

■ The command to arrest above is separate and distinct from the command to seize the contraband. It is contained in separate paragraphs of the warrants and includes no limiting phraseology. It is clearly an unconditional command.

In Loy v. State, Tex.Cr.App., 502 S.W.2d 123, this Court held the following, contained in the same paragraph as command to search, was not conditional:

". . . . and you will also arrest and bring before me, at said place and time, the said Carmen Connie Loy accused of possessing a narcotic drug, to wit, Heroin . . . ."

■ Appellant also contends that the affidavits for the search warrants which contain the arrest warrants fail to recite probable cause. She claims, in effect, that the affidavit for the search of her home fails to show how the informer knew that the packets in question contained heroin. The affidavit stated that the informer had been in the appellant's apartment within six hours and had observed her remove a brown paper bag, from a drawer of a chest in the bedroom, which contained approximately one hundred foil wrapped packets of heroin. The affidavit presented here is substantially the same as that approved by this Court in Wetherby v. State, Tex.Cr.App., 482 S.W.2d 852. See also Cummins v. State, Tex.Cr.App., 478 S.W.2d 452.

Further, the officer's return, "No seizures" and "No arrests" on the warrants, cannot be used to void the warrants any more than a proper return could be used to establish their validity. An arresting officer's failure to make a return on a warrant to the magistrate will not vitiate the warrant. Phenix v. State, Tex.Cr. App., 488 S.W.2d 759. It would follow that an erroneous return should not vitiate an otherwise valid warrant.

Apparently, the officers who arrested appellant thought the authority to arrest conferred on them by the warrants applied only to appellant if found at her home or in her automobile. The fact that the officers were mistaken in their interpretation of the warrants cannot vitiate the validity of appellant's arrest under the warrants. At the time of appellant's arrest the officers were armed with a valid arrest warrant. Therefore, the search, resulting in the discovery of the contraband, incident to the arrest, was valid.

In Hamrick v. State, Tex.Cr.App., 495 S.W.2d 256, officers arrested the defendant for automobile theft under the authority of an arrest warrant. At the police station following the arrest, they discovered marihuana on his person. His probation was subsequently revoked for possession of the contraband. On appeal, he contended that the affidavit for the warrant under which he was arrested failed to recite probable cause. The record reflected that during the interim between the issuance of the arrest warrant and the defendant's arrest a grand jury had returned an indictment against the defendant for the automobile theft which was the basis of the original warrant.

This Court found that an examination of the sufficiency of the affidavit was unnecessary, concluding that the return of an indictment conclusively determines the existence of probable cause and that at the time of the defendant's arrest a valid after indictment capias, ordering the defendant's arrest, had been issued.

This Court reached that conclusion irrespective of the fact that the officers testified that they relied on the warrant in effecting the arrest and were unaware that an indictment had been returned.

Appellant's second ground of error relates to argument. She complains the prosecutor's comments to the effect that it was a reasonable deduction from the evidence that appellant was planning to sell the heroin and did not have the same for her own use. The evidence shows that appellant had on her person 45 packets of heroin which had a street value of $1125. In Balli v. State, 170 Tex.Cr.R. 390, 341 S.W.2d 443, we held that the evidence that the accused was driving a new truck and had 500 cases of beer in a dry area authorized the deduction that he was. "a big time operator." In Archer v. State, Tex.Cr. App., 474 S.W.2d 484, where the evidence showed that the search of the area in which accused was arrested revealed 87 matchboxes of marihuana, we held that such fact authorized the reference to the accused as "a dealer", "a pusher", "dealing in dope", etc. See also Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523; Royal v. State, Tex.Cr.App., 448 S.W.2d 470.

Finding no reversible error, the judgment of the trial court is affirmed.

DOUGLAS, Judge (concurring).

When an indictment and a capias ordering an arrest are in the hands of a district clerk but were unknown to the officer as they were in Hamrick v. State, Tex.Cr. App., 495 S.W.2d 256, are sufficient for an arrest, the valid orders for arrest in warrants in possession of an officer are sufficient for an arrest.

A case from another jurisdiction where a like contention by a defendant was made is by the Supreme Judicial Court of Maine in State v. Brochu, 237 A.2d 418 (1967). The police had a valid search warrant. The officers believed that the defendant or

his daughter consented to the search. That court logically reasoned and wrote:

"The validity of the search was not discredited by the seeming uncertainty of the officers as to the source of their authority. The entry was after a statement that the officer or officers had a search warrant. The warrant, however, was marked 'not executed.' There is no record for a receipt for property taken or return of the warrant with inventory as provided in Rule 41.

"The receipt for property taken and the return of the warrant with inventory are ministerial acts. Failure to perform acts of this nature do not void a search warrant or the search conducted under its protection. (Citations omitted).

"The officers, whether they considered were acting by consent or under the warrant, acted in fact within the safe conduct of the warrant. Mistaken belief (or it may be uncertainty) on their part as to the source of their authority does not negate the legality of a search reasonably conducted under the warrant."

The Illinois appellate court in People v. Foster, 72 Ill.App.2d 337, 219 N.E.2d 683 (1966), where the warrant was returned with the notation "not executed," wrote:

"[T]he failure of the police officers to make a proper return of the warrant does not render void either the search warrant or the search made under its authority."

See also McMillon v. State, 95 Okl.Cr. 409, 247 P.2d 295 (1952), and Klingler v. United States, 409 F.2d 299 (8th Cir. 1969).

Here, as in some of the other cases cited, the officer was mistaken and relied upon the wrong reason for making the arrest which is shown by the return and his testimony.

The dissent would place a more onerous burden upon and require more of a peace officer than it does a trial judge. When a trial judge gives a wrong reason, but his ruling is correct, this Court will not reverse the conviction. In the recent case of Miles v. State, 488 S.W.2d 790 (Tex.Cr.App.1973), the trial court gave the wrong reason for admitting certain evidence. This Court wrote:

"The mere fact that a correct ruling is given for the wrong reason will not result in a reversal. If the decision is correct on any theory of law applicable to the case, it will not be disturbed. Smith v. State, 475 S.W.2d 238 (Tex.Cr.App. 1971); Moreno v. State, 170 Tex.Cr.R. 410, 341 S.W.2d 455 (1960); Venable v. State, 397 S.W.2d 231 (Tex.Cr.App. 1966), cert. denied, 384 U.S. 266, 86 S. Ct. 1477, 16 L.Ed.2d 525 (1966)."

Why should a different rule apply where an officer has the warrant to arrest on his person but does not claim to have made the arrest by virtue of the warrant?

The dissent would hold that an officer must give the correct legal and technical reasons for his action for legal evidence he obtains to be admissible. This it would do even though we have the rule that when a trained lawyer acting as a trial judge may give an illegal reason for admitting lawfully obtained evidence. This has never been the ruling of this Court before and should not be now.

For the reasons set out above and in the majority opinion, I concur.

ODOM, Judge (dissenting).

The majority concede, and the record reflects, that the arresting officers in this case had no idea that the search warrants with which they were armed may have commanded them to arrest appellant. The mere issuance of a proper arrest warrant, without more, does not place the accused outside the law, subject to arrest by any officer, even those ignorant of the command to arrest. An arrest warrant confers authority upon an individual officer only after the command of the warrant is communicated to him. Since it is undisputed

**406**

that the commands to arrest of the warrants in this case were never effectively communicated to the arresting officers,[1] how can the majority say these unknown commands gave any authority to the officers?

Although the authority to base an arrest upon a warrant may be challenged by calling into question the magistrate's determination of probable cause, the question of whether the command was effectively communicated to the officer so as to confer that authority is a separate inquiry. The majority side-step the issue by assuming that since the warrant, unknown, was in the physical possession of the officers, the arrest was made "under the warrants." Every probative bit of evidence on the issue refutes the conclusion of the majority that the arrest was made "under the warrants." The fact that an arrest *could* have been made under the warrants does not validate an arrest not made thereunder any more than the fact that a warrant *could* have been obtained would validate an arrest made without one.

Extended to its logical conclusion, the majority's position would hold that any arrest made subsequent in time to the issuance of a valid arrest warrant will in contemplation of law be an arrest under that warrant. It is clear that the officers in this case were no more acting "in obedience to the command of said warrant" than they were to some unknown arrest warrant issued in El Paso or Brownsville. And yet, despite this *fact* that the command to arrest was never communicated, the majority hold as a matter of *law* that the arrest was made "under the warrant."

The concurring opinion incorrectly asserts that I dissent because the police officer gave the "wrong reason" for making the arrest. I dissent because the officer had no authority to make the arrest since

the command of the magistrate was never communicated to him. If the officer had testified: Yes, I knew the warrant commanded me to arrest this person but I saw her committing an offense so I relied upon my statutory authority to arrest, not upon my authority under the warrant, the concurring opinion would be relevant. Here, however, since the command was never communicated to the officer, he derived no authority from it.

No command to arrest having been communicated to the arresting officers, the mere existence of the warrants conferred no authority to arrest. I therefore dissent.

---

1. The first suggestion that the State was relying upon the arrest provision of the search warrants as authority for the arrest is raised in the State's appellate brief. Not at the examining trial, not at the hearing on the motion to suppress, not at the trial on the merits was it contended by the State or the arresting officers that the arrest was made upon the warrants.