Barrera v. State 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-92-091-CR

        ORELVIO BARRERA,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 54th District Court
McLennan County, Texas
Trial Court # 91-469-C
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Appellant pleaded guilty to the felony offense of possession of a controlled substance,
cocaine, and was sentenced to ten years in prison, probated. In his sole point of error, Appellant
complains that the court erred in denying his motion to suppress the evidence taken from him at
the time of his arrest. We will affirm the judgment.
          Officer Jose L. Coy, an investigator with the Texas Department of Public Safety Narcotics
Service who had been investigating Appellant since May 1990, obtained a search and arrest
warrant on June 17, 1991. The warrant was based upon information Coy had independently
gathered as well as upon information received from two confidential informants. The warrant
authorized a search of Appellant's residence as well as his arrest. See Tex. Code Crim. Proc.
Ann. art. 18.03 (Vernon 1977). 
          On the morning of June 18, Appellant was followed after leaving his home and was
subsequently arrested when he parked his car in the lot of an auto supply store, approximately four
miles from his house. He was then returned to his residence. During the search of Appellant at
his home, .13 grams of cocaine were discovered in his wallet, which had been taken from his rear
pants pocket. The court refused to suppress the cocaine found in Appellant's possession. 
Appellant now asserts that the court erred in denying his motion to suppress because the arrest was
illegal and in violation of the Fourth Amendment in that the search warrant failed to include
probable cause for his arrest, thus rendering the fruits of the arrest inadmissible.
           Officer Coy had worked with the two informants (CI #1 and CI #2) as part of his
investigation of Appellant. Both were known to Coy as being credible, reliable sources of
information concerning drug-related activities. They had consistently provided Coy with accurate
information that had led to the arrest of persons and the seizure of significant quantities of cocaine
and marihuana in the McLennan County area. Coy was able to independently corroborate
information provided by both informants. The record reflects that the affidavit completed by
Officer Coy upon which the warrant was issued contained the following information:
CI #1 reported the following information to Coy:
          1.       Appellant is engaged in the illegal distribution of cocaine.
 
          2.       Appellant operates several businesses in an effort to provide a seemingly legitimate
source for the funds obtained through the illegal distribution of cocaine.
 
          3.       At one of the businesses operated by Appellant, CI #1 has personally observed
Appellant involved in numerous cocaine transactions.
 
          4.       CI #1 had been to Appellant's home on several occasions during the ten days
preceding the execution of the search and arrest warrant. During these visits to
Appellant's home, CI #1 personally observed Appellant conducting cocaine
transactions with other known cocaine traffickers.
 
          5.       In addition to observing Appellant's cocaine-related activities, CI #1 personally
observed known marihuana traffickers deliver significant quantities of marihuana
to Appellant's home.
 
On June 16, the day before Coy sought a warrant to search Appellant's residence, Coy was
contacted by CI #2, who provided him with the following information, which he also
included in his affidavit:
 
          1.       Within the last seventy-two hours, CI #2 had been to Appellant's residence and had
personally observed Appellant in possession of a usable quantity of cocaine.
 
          2.       Appellant's main source of income is derived from the trafficking in cocaine, and
Appellant trafficks cocaine from his residence.

          The judge issuing the warrant commanded Coy, the affiant, to "search for personal
property described in said Affidavit and to seize same and to arrest and bring before me each
suspected person named in said Affidavit."
          Appellant argues that the affidavit on which the warrant was based failed to meet the
"totality of the circumstances" test from which a magistrate can determine that there is a fair
probability that an offense has been committed. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct.
2317, 76 L.Ed.2d 527 (1983). He contends that the affidavit may have supplied the necessary
requirements of probable cause for a search warrant but failed to meet the probable-cause
requirement of an arrest warrant. Appellant further asserts that putting the search and arrest
commands in the same sentence invalidated the warrant and that the warrant is facially invalid
because it is "vague and nondescript"—i.e., that it fails to sufficiently identify the Appellant or
name the offense with which he is charged.
          A combination search and arrest warrant is valid. Pecina v. State, 516 S.W.2d 401, 403
(Tex. Crim. App. 1974). A search warrant may also serve as an arrest warrant if the facts
presented to the magistrate also establish the existence of probable cause to believe that a person
has committed an offense. Tex. Code Crim. Proc. Ann. art. §18.03 (Vernon 1981). An arrest
warrant incorporated within a search warrant must be based upon probable cause and is no
different than an arrest warrant issued independently from a search warrant. Pecina, 516 S.W.2d
at 403. The authority to arrest under an arrest warrant that is incorporated in a search warrant is
not limited to the premises described in the search warrant. Id. The arrest warrant incorporated
within a search warrant cannot be made conditional on the finding of contraband upon the premises
described in the search warrant. Id.
          In this case, the command to arrest is separate and distinct from the command to seize the
contraband. See id; Morgan v. State, 516 S.W.2d 188, 190 (Tex. Crim. App. 1974). Although
the commands are contained in not only the same paragraph but also in the same sentence, no
limiting language has been used to indicate that the arrest was conditioned upon finding controlled
substances on the premises during the execution of the search warrant. See id. In addition, the
facts presented to the magistrate as summarized above established the existence of probable cause
that Appellant had committed an offense involving the possession of controlled substances. See
Tex. Code Crim. Proc. Ann. art. §18.03 (Vernon 1977); Illinois v. Gates, 462 U.S. 213, 235-36
(1983). The facts set forth in the affidavit support our holding that the magistrate had a substantial
basis for concluding that probable cause existed. See id.; Torres V. State, 552 S.W.2d 821, 823
(Tex. Crim. App. 1977). Had the arrest been contingent upon the seizure of contraband in the
search of Appellant's house and controlled substances had in fact been seized, no arrest warrant
would have been necessary. See Pecina, 516 S.W.2d at 403. The authority to arrest Appellant
in this case existed independently of what the search revealed. 
          Appellant alleged in his motion to suppress only that the evidence was insufficient to
constitute probable cause for the issuance of the warrant and that the warrant authorized only a
search and not an arrest. He has waived his complaint as to the vagueness of the warrant, as he
failed to move to suppress the evidence on this basis. See Tex. R. App. P. 52(a). In any event,
the warrant specifically referenced the attached affidavit which detailed the conduct in question. 
The warrant further instructed the executing party to arrest the person named in the
affidavit—Appellant. The requirements of article 15.02 of the Code of Criminal Procedure have
been satisfied. See Tex. Code Crim. Proc. Ann. art. 15.02 (Vernon 1977).
          Finally, the arrest was made under a valid warrant and the search of Appellant was incident
to a lawful arrest. See Lalande v. State, 651 S.W.2d 402, 405 (Tex. App.—El Paso 1983), aff'd,
676 S.W.2d 115 (Tex. Crim. App. 1984); Bodde v. State, 568 S.W.2d 344, 352 (Tex. Crim App.
1978); Hooper v. State, 533 S.W.2d 762, 767 (Tex. Crim. App. 1976).
          We overrule Appellant's point of error and affirm the judgment.
                                                                                 PER CURIAM
Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 3, 1993
Do not publish