11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Volo Al
Nelson

Appellant

Vs.                   No. 11-03-00235-CR -- Appeal
from Taylor County 

State
of Texas

Appellee

 

The jury convicted Volo Al Nelson of heroin
possession with intent to deliver.  The
trial court found the two enhancement paragraphs to be true and assessed
punishment at 30 years confinement.  We
affirm.

On November 29, 2001, an arrest warrant was issued
for appellant.  A search warrant was also
issued for his apartment.  Officer Tommy
Pope of the Abilene Police Department applied for the warrant.  After the warrant was issued, Officer Pope
contacted Officers Rodney Smith and Jimmy Seals and requested that they conduct
surveillance on appellant=s
vehicle.  The officers did so; and, after
30 minutes of surveillance, they observed appellant enter his vehicle and drive
away.  The officers followed appellant
and eventually stopped and apprehended him at the intersection of South Fifth
Street and Sayles Boulevard.  Upon
searching appellant and his vehicle, the officers discovered a pill bottle
containing 40 small ziplock bags, each of which contained white powder.  The pill bottle was found underneath the
driver=s seat of
appellant=s
vehicle.  The officers took appellant and
his vehicle to appellant=s
apartment.  At the apartment, a search of
appellant=s jacket,
which he was wearing at the time of the search, revealed another small bag of
white powder.  Laboratory tests revealed
that the white powder found in appellant=s
vehicle and in his jacket contained heroin. 
Appellant was subsequently indicted for possession of heroin with intent
to deliver.   








Appellant was represented by counsel during the
guilt/innocence phase of the trial but was allowed to represent himself during
the punishment phase of the trial. 
Appellant is pro se on appeal.  In
five issues, appellant argues that: (1) the trial court erred in denying his
motion to suppress; (2) the trial court erred in denying him the right to Aco-defend@
himself; (3) the State violated TEX.R.EVID. 404(b) and 609(f); (4) the evidence
was legally and factually insufficient to sustain his conviction; and (5) both
defense counsel and the State made improper jury arguments.

In his first issue on appeal, appellant asserts
that the trial court erred in denying his motion to suppress.  A trial court=s
denial of a motion to suppress is generally reviewed for abuse of
discretion.  Oles v. State, 993
S.W.2d 103, 106 (Tex.Cr.App.1999).  In
reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical fact as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85, 89
(Tex.Cr.App.1997).  We must afford the
same amount of deference to the trial court=s
rulings on Amixed
questions of law and fact@
if the resolution of those ultimate questions turns on an evaluation of witness
credibility and demeanor.  Guzman v.
State, supra.  Appellate
courts, however, review de novo Amixed
questions of law and fact@
not falling within the previous category. 
Guzman v. State, supra. 
We must view the record in the light most favorable to the trial court=s ruling and sustain the trial court=s ruling if it is reasonably correct on
any theory of law applicable to the case. 
Guzman v. State, supra.

Appellant asserts that the officers went beyond
the scope of the warrant when they arrested appellant at a location not
described in the warrant and when they seized heroin when the warrant only
described marihuana.

We note that the warrant in this case is a
combination search-and-arrest warrant. 
The first part of the warrant described the location where the drugs
were allegedly located, and it authorized officers to search that particular
location and to seize the drugs described in the warrant.  The second part of the warrant authorized
appellant=s arrest
and was not specific to any particular location. 

Appellant=s
assertion that probable cause to arrest him only existed at the location
described in the warrant is incorrect. 
The authority to arrest under an arrest warrant incorporated in a search
warrant is not limited to the premises described in the warrant.  Pecina v. State, 516 S.W.2d 401, 403
(Tex.Cr.App.1974).  Therefore, even
though the location described in the warrant was appellant=s apartment at 2434 Buffalo Gap Road,
it was permissible for officers to arrest appellant elsewhere, including the location
where appellant was ultimately apprehended. 









We also find to be without merit appellant=s contention that, because only
marihuana was described in the warrant, there was no probable cause to seize
the heroin.  Although marihuana was the
only item specifically mentioned in the warrant, the warrant also authorized
the seizure of Aother
contraband found on said premises.@  Heroin is considered contraband.  See TEX. CODE CRIM. PRO. ANN. art.
59.01(2)(B)(i) (Vernon Pamph. Supp. 2004 - 2005).  Therefore, the heroin found in appellant=s apartment was subject to seizure
pursuant to the warrant.

Moreover, the search of appellant=s vehicle did not occur until after
appellant was arrested. Therefore, the heroin found in appellant=s vehicle was seized pursuant to a
lawful search incident to arrest.  Once a
suspect is arrested, officers are permitted to search the defendant, and areas
within the defendant=s
immediate control, to prevent the concealment or destruction of evidence.  See McGee v. State, 105 S.W.3d 609,
615 (Tex.Cr.App.2003).  This area
includes the passenger compartment of appellant=s
vehicle.  New York v. Belton, 453
U.S. 454 (1981). 

For all of these reasons, we conclude that the
trial court correctly denied appellant=s
motion to suppress.  We overrule
appellant=s first
issue on appeal.                                     

In his second issue on appeal, appellant asserts
that the trial court erred when it denied appellant the right to Aco-defend@
himself.  We disagree.

Appellant was first represented by Bill Fisher who
was appointed by the court.  Appellant
was unsatisfied with Fisher=s
representation; and, on February 18, 2003, the day his trial was set to begin,
appellant requested that he be allowed to discharge Fisher.  The court reluctantly granted appellant=s request, and the trial was reset for
a later date. 

The day prior to appellant=s
termination of Fisher, appellant hired James Smart to represent him.  Appellant was also unsatisfied with Smart=s representation.  On July 28, 2003, appellant made a motion to
act as co-counsel.  The record is unclear
as to what appellant wanted to accomplish with this motion.  We do not know if appellant wanted to
primarily represent himself at this time, with Smart merely Aoverseeing@
appellant=s defense
in an advisory capacity, or if appellant was seeking some other form of hybrid
representation.  We do know that it was
not until the punishment stage of the trial that appellant clearly and unequivocally
made a motion to represent himself, which the court granted.








An accused has a right to self-representation
under U.S. CONST. amend. VI.  Faretta
v. California, 422 U.S. 806 (1975). 
However, the right to self-representation does not attach until it has
been clearly and unequivocally asserted. 
Funderburg v. State, 717 S.W.2d 637, 642 (Tex.Cr.App.1986).  Appellant did not clearly and unequivocally
assert his right to self-representation when he made his motion to act as
co-counsel.  

Further, an accused has no right to hybrid
representation.  See Landers v. State,
550 S.W.2d 272, 279 (Tex.Cr.App.1977). 
Trial courts, in their discretion, may permit or deny such
requests.  See Scarbrough v. State,
777 S.W.2d 83, 92 (Tex.Cr.App.1989).  In
his motion to act as co-counsel, appellant requested that the trial court allow
him to both represent himself and to have the additional assistance of
counsel.  The trial court denied that
request, and there is no evidence in the record that the court abused its
discretion in doing so.  We overrule
appellant=s second
issue on appeal.

In his third issue on appeal, appellant asserts
that the State violated Rules 404(b) and 609(f). We disagree.

Rule 404(b) provides that evidence of other
crimes, wrongs, or acts is not admissible to prove the character of a person in
order to show action in conformity therewith. 
During the cross-examination of appellant=s
witness, Laticia Renee Waters, the State did attempt to introduce evidence of
specific acts of misconduct as evidence of Waters=s
character.  However, appellant promptly
objected to the State=s
attempt, and the court sustained appellant=s
objection, instructing the jury to disregard the State=s
question.  Appellant also asked for a
mistrial, but the court denied this request. 
Appellant implies in his brief that it was error for the trial court to
do so.

A mistrial is used to halt trial proceedings when
error is so prejudicial that expenditure of further time and expense would be
wasteful and futile.  Ladd v. State,
3 S.W.3d 547, 567 (Tex.Cr.App.1999), cert. den=d,
529 U.S. 1070 (2000); Smith v. State, 114 S.W.3d 66, 72 (Tex.App. -
Eastland 2003, pet=n ref=d). 
A trial court=s
denial of a mistrial is reviewed under an abuse of discretion standard.  Smith v. State, supra.   The asking of an improper question will
seldom call for a mistrial because, in most cases, any harm can be cured by an
instruction to disregard.  Smith v.
State, supra.  A mistrial is
required only when the improper question is clearly prejudicial to the
defendant and is of such character as to suggest the impossibility of
withdrawing the impression produced on the minds of the jurors.  Smith v. State, supra.  








The specific question the State asked Waters that
appellant objected to was:  AThis court sent your husband, Anthony
Peoples, to prison for dealing cocaine, didn=t
it?@ 
We find that this question was not so inflammatory that it could not be
cured by an instruction to disregard. 
The trial court did not abuse its discretion in denying appellant=s motion for mistrial.   

Appellant also asserts that the State violated
Rule 609(f) when it introduced evidence that Waters had a prior
conviction.  Appellant did not object to
the introduction of Waters=s
prior conviction during trial and, therefore, failed to preserve this issue for
review.  See TEX.R.APP.P.
33.1.  We overrule appellant=s third issue on appeal.  

In his fourth issue on appeal, appellant asserts
that the evidence was legally insufficient to sustain his conviction.  We disagree. 

In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).

Appellant was indicted for possession of heroin in
an amount of one gram or more but less than four grams with intent to
deliver.  See TEX. HEALTH &
SAFETY CODE ANN. ''
481.102(2) and 481.112(a) & (c) (Vernon 2003 & Supp. 2004 - 2005). 

To prove unlawful possession of a controlled
substance, the State must prove that: 
(1) the accused exercised control, management, and care over the
substance and (2) the accused knew the matter possessed was contraband.  Joseph v. State, 897 S.W.2d 374, 376
(Tex.Cr.App.1995).  The State must prove
an affirmative link between the defendant and the contraband.  See Poindexter v. State, 153 S.W.3d
402, 405-06 (Tex.Cr.App.2005). Whether this evidence is direct or
circumstantial, it must establish that the accused=s
connection with the drug was more than just fortuitous.  See Brown v. State, 911 S.W.2d 744,
747 (Tex.Cr.App.1995).

In this case, the heroin was found in appellant=s vehicle at the time he was driving it
and in appellant=s jacket
at the time he was wearing it.  This is
enough of an affirmative link between appellant and the contraband to establish
that appellant possessed the heroin.        








Appellant asserts that the evidence was legally
insufficient to determine the exact amount of heroin appellant possessed
because the State=s
chemist, William Chandley, did not test all 40 bags of white powder discovered
during the search of appellant=s
vehicle.  Chandley tested 20 bags, a
random sample of the total, and analyzed the substance in those bags for the
presence of drugs.  The testing revealed
that the substance contained heroin and that the net weight of the substance
was 3.75 grams.

The State was not required to prove that every bag
contained heroin; the State only had to prove that the aggregate weight of the
controlled substance equaled the alleged minimum weight.  See Melton v. State, 120 S.W.3d 339,
344 (Tex.Cr.App.2003).  In this case, the
alleged minimum weight was one gram.  The
State proved that the random samples contained heroin and that the total weight
of the substance seized was within the range alleged.  It was rational for the jury to conclude that
the substance in the non-tested bags that appeared to be the same substance was
in fact the same substance.  See
Gabriel v. State, 900 S.W.2d 721, 722 (Tex.Cr.App.1995).  The manner of testing by random sampling goes
only to the weight of the evidence and is for the jury to evaluate.  See Gabriel v. State, supra.  We find that there is legally sufficient
evidence in the record of the amount of heroin appellant possessed.    

The State also had the burden to prove appellant=s intent to deliver.  Intent to deliver may be proved by
circumstantial evidence including the quantity of drugs possessed and the
manner of packaging.  See Taylor v.
State, 106 S.W.3d 827, 831 (Tex.App. - Dallas 2003, no pet=n). 
In this case, 40 small ziplock bags of white powder were found in
appellant=s
vehicle.  One of the officers who
arrested appellant testified that such bags usually contain between two and
four doses of heroin and that such a large amount of heroin likely indicates
intent to distribute because there were Afar
too many@ doses
for personal use.  We hold that the
amount of the heroin discovered, combined with the way it was packaged, was
legally sufficient evidence of appellant=s
intent to deliver.

We also hold that any evidence contrary to the
verdict is not so strong that the beyond-a-reasonable-doubt burden was not
met.  Two of appellant=s witnesses did testify that the heroin
and the vehicle did not belong to appellant but, rather, belonged to appellant=s friend, Milton Barnes.  At most, this testimony created a conflict in
the evidence, and the reconciliation of which was within the exclusive province
of the jury.  See Jones v. State,
944 S.W.2d 642, 647 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).  

The evidence is legally sufficient to sustain
appellant=s
conviction. We overrule appellant=s
fourth issue on appeal.       








            In his fifth issue on appeal, appellant asserts that both
his trial counsel and the State gave improper jury arguments during their
closing arguments.  Appellant, however,
did not object during trial to the statements of which he now complains.  When an accused fails to object during trial
to an erroneous jury argument, he forfeits his right to complain about that
argument on appeal.  See  Rule 33.1(a); Cockrell v. State, 933
S.W.2d 73, 89 (Tex.Cr.App.1996), cert. den=d,
520 U.S. 1173 (1997).  We overrule
appellant=s fifth
issue on appeal.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

September 8, 2005  

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, J., and McCall, J.[1]











[1]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.