# NO. 12-10-00348-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RANDY DAVID COX,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Randy David Cox appeals his conviction for delivery of a controlled substance. In two issues, Appellant argues that the trial court should have granted his motion to suppress evidence and that the evidence was legally insufficient to support his conviction. We affirm.

### BACKGROUND

In September 2010, law enforcement officers in Nacogdoches County obtained a search warrant to search a property on the basis of an ongoing investigation and information gained from a confidential informant. The confidential informant told the police that Appellant, along with another individual, would be manufacturing methamphetamine that evening. Officers executed the search warrant and found Appellant and Michael Fancher on the property. Officers also found numerous chemicals that were used in the manufacture of methamphetamines along with a container of liquid that contained methamphetamines and written materials detailing how to manufacture methamphetamines.

Appellant was charged by indictment with the felony offense of delivery of a controlled substance. Specifically, the grand jury alleged that Appellant possessed, with intent to deliver, methamphetamines in an amount of more than two hundred grams but less than four hundred

grams. Prior to trial, Appellant moved to suppress the evidence obtained as a result of the search warrant. Appellant argued that the evidence should be suppressed because the return on the warrant shows that it was signed on March 9, 2009. All of the other dates on the search warrant paperwork, including when the warrant was issued and when the judge ordered the police officers to maintain custody of the recovered items, are in early September 2009. The trial court found that the March date was a typographical error and overruled Appellant's motion.

The case proceeded to trial, and the jury found Appellant guilty as charged. The jury imposed a sentence of imprisonment for ten years. This appeal followed.

## MOTION TO SUPPRESS

In his first issue, Appellant argues that the trial court erred in overruling his motion to suppress. Specifically, he argues the evidence should have been suppressed because the return on the warrant is dated approximately six months before the warrant was issued.

## Standard of Review

A search warrant is a written order, issued by a magistrate and directed to a peace officer, commanding him to search for any property or thing and to seize the same and bring it before the magistrate. TEX. CODE CRIM. PROC. ANN. art. § 18.01 (Vernon Supp. 2010). A search warrant must be supported by probable cause, and the facts supporting probable cause must be included in an affidavit that sets forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. *Id*. at § 18.01(c). Probable cause for a search warrant exists if, under the totality of the circumstances presented to the magistrate, there is at least a "fair probability" or "substantial chance" that contraband or evidence of a crime will be found at the specified location. *See Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (citing *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527 (1983)).

Generally, we review a trial court's ruling on a motion to suppress for an abuse of discretion. *See Rocha v. State*, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000); *see also Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008). An appellate court must view the evidence in the light most favorable to the trial court's ruling. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We afford almost total deference to a trial court's determination of historical

facts. *See Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006). We do not engage in our own factual review; we determine only whether the record supports the trial court's ruling. *See Rocha*, 16 S.W.3d at 12.

<u>Analysis</u>

Appellant argues that the evidence should have been suppressed because the warrant return is dated March 9, 2009 but the search warrant was issued in September 2009, the information in the search warrant affidavit dated from September 2009, and the alleged offense date is in September 2009. The same page that contains the March 9, 2009 notation also includes a signature by the magistrate acknowledging that the "Peace Officer" delivered the return to the court and reiterating an order that the "Peace Officer" maintain custody of the items seized. That signature is dated September 4, 2009, which is the day after the search warrant was executed

Texas law requires that an officer, "[u]pon returning the search warrant, [] shall state on the back of the same, or on some paper attached to it, the manner in which it has been executed and shall likewise deliver to the magistrate a copy of the inventory of the property taken into his possession under the warrant." TEX. CODE CRIM. PROC. ANN. art. 18.10 (Vernon 2005). The failure to execute a return or the execution of an erroneous return does not serve to "vitiate the warrant." *See Pecina v. State*, 516 S.W.2d 401, 404 (Tex. Crim. App. 1974).

Two possibilities are suggested by the dates on the search warrant and the return. One is that the police officer prepared a list of seized items in March 2009, but officers did not seek or execute the search warrant until September 2009. The other possibility is that the March 2009 notation is a typographical error. The trial court concluded that it was a typographical error. This is a reasonable conclusion in light of all the other documents. Specifically, the early September dates are repeated, counting file marks, at least twelve times throughout the search warrant application, the search warrant affidavit, the search warrant itself, and the return. The trial court concluded that the March date, which appears only once and was typographically set rather than handwritten, was an error and that the other dates were correct. The trial court's overruling of the motion to suppress was reasonable under the circumstances. We overrule Appellant's first issue.

<u>SUFFICIENCY OF THE EVIDENCE</u>

3

In his second issue, Appellant argues that the evidence is legally insufficient to support the verdict. Specifically, he argues that the evidence is insufficient to show that he possessed methamphetamines.

**Applicable Law**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); *See Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899-900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

As charged in the indictment, the State's evidence had to show that Appellant knowingly possessed, with intent to deliver, a controlled substance listed in penalty group 1 in an amount of more than two hundred grams and less than four hundred grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(e) (Vernon 2010). Methamphetamines are listed in penalty group 1. *Id*. § 481.102(6) (Vernon 2010).

4

## Analysis

Appellant argues that the evidence does not show that he possessed methamphetamine. He points out that he did not own the property where the methamphetamine lab was located, and he argues that he was merely present when the police arrived.

The confidential informant used by the police to obtain the warrant testified. His testimony at trial differed in some respects from what the police reported in the affidavit submitted in support of the search warrant. For example, the affidavit states that the confidential informant saw Appellant in possession of hoses, Coleman fuel, glass ware, mason jars, red phosphorous, Sudafed, coffee filters, and a liquid substance. The confidential informant testified that he saw Appellant in possession of Coleman fuel and hoses, but not Sudafed. This suggests, Appellant contends, that his testimony is not to be believed.

The jury's verdict did not rest entirely on the testimony of the confidential informant. Appellant admitted that he had manufactured methamphetamine at the location where he was arrested with two other individuals at another time. He also admitted to engaging, or beginning to engage, in a transaction with the confidential informant for five hundred pills that were a raw material for methamphetamines.

Additionally, Michael Fancher, who was also arrested for the same offense, testified that he and Appellant had "cooked" methamphetamines in the lab at his house a day or two before the police raided the lab. He testified that the methamphetamines found by the police were the drugs they had manufactured, and that Appellant had helped gather some of the pills and acetone that was used in the manufacturing process. Fancher was not a disinterested witness. He stated that the only reason he testified against Appellant is because Appellant had "slandered" Fancher's mother. Finally, Appellant was present in the vicinity of the drug lab when the police arrived.

Appellant is correct that a conviction may not be sustained solely on the testimony of an accomplice unless there is corroborating evidence that tends to connect the defendant with the offense committed. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005).[1] In order to determine whether the accomplice witness testimony is corroborated, we must eliminate all accomplice evidence and determine whether the other inculpatory facts and circumstances in

---

[1] The accomplice witness rule is a statutorily imposed review and is not derived from federal or state constitutional principles that define the legal sufficiency standards. *See **Malone v. State***, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). We address both the accomplice witness rule and the legal sufficiency of the evidence together because Appellant does so in his brief.

evidence tend to connect the appellant to the offense. *See McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). The nonaccomplice evidence does not have to directly link the appellant to the crime, nor does it alone have to establish his guilt beyond a reasonable doubt; but rather, the nonaccomplice evidence merely has to tend to connect the appellant to the offense. *Id*. at 613. The appellant's presence in the company of the accomplice before, during, and after the commission of the offense coupled with other suspicious circumstances may tend to connect the appellant to the offense. *See Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996). Moreover, evidence that the defendant was near or at the place of the offense around the time of its occurrence is proper corroborating evidence. *See Burks v. State*, 876 S.W.2d 877, 888 (Tex. Crim. App. 1994).

Evidence of Appellant's guilt is sufficiently corroborated, and the evidence is sufficient to support the conviction. Appellant's version of events was that he did participate in manufacturing methamphetamine with Fancher, but he was not involved in the particular manufacturing process that had recently been concluded. Furthermore, his presence at the scene was simply an unfortunate happenstance. The jury was entitled to disbelieve his version of events and to conclude that he was, in fact, a participant in the manufacturing process of the methamphetamines found at the lab and that he possessed the drugs found by the police. *See Wesbrook v. State*, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We hold that the evidence was sufficient to support the verdict and the accomplice testimony was sufficiently corroborated. We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.


**SAM GRIFFITH**
Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)


6