NO.
12-10-00348-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

RANDY
DAVID COX,                         §         APPEAL FROM THE 145TH

APPELLANT

 

V.                                            
§        JUDICIAL DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                  
§        NACOGDOCHES COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Randy
David Cox appeals his conviction for delivery of a controlled substance.  In
two issues, Appellant argues that the trial court should have granted his
motion to suppress evidence and that the evidence was legally insufficient to
support his conviction.  We affirm.

 

Background

In
September 2010, law enforcement officers in Nacogdoches County obtained a
search warrant to search a property on the basis of an ongoing investigation
and information gained from a confidential informant.  The confidential
informant told the police that Appellant, along with another individual, would
be manufacturing methamphetamine that evening.  Officers executed the search
warrant and found Appellant and Michael Fancher on the property.  Officers also
found numerous chemicals that were used in the manufacture of methamphetamines
along with a container of liquid that contained methamphetamines and written
materials detailing how to manufacture methamphetamines.  

Appellant
was charged by indictment with the felony offense of delivery of a controlled
substance.  Specifically, the grand jury alleged that Appellant possessed, with
intent to deliver, methamphetamines in an amount of more than two hundred grams
but less than four hundred grams.  Prior to trial, Appellant moved to suppress
the evidence obtained as a result of the search warrant.  Appellant argued that
the evidence should be suppressed because the return on the warrant shows that
it was signed on March 9, 2009.  All of the other dates on the search warrant
paperwork, including when the warrant was issued and when the judge ordered the
police officers to maintain custody of the recovered items, are in early
September 2009.  The trial court found that the March date was a typographical
error and overruled Appellant’s motion.  

The
case proceeded to trial, and the jury found Appellant guilty as charged.  The
jury imposed a sentence of imprisonment for ten years.  This appeal followed.

 

Motion to Suppress

In
his first issue, Appellant argues that the trial court erred in overruling his
motion to suppress.  Specifically, he argues the evidence should have been
suppressed because the return on the warrant is dated approximately six months
before the warrant was issued.

Standard
of Review

A
search warrant is a written order, issued by a magistrate and directed to a
peace officer, commanding him to search for any property or thing and to seize
the same and bring it before the magistrate.  Tex.
Code Crim. Proc. Ann. art. § 18.01 (Vernon Supp. 2010).  A search
warrant must be supported by probable cause, and the facts supporting probable
cause must be included in an affidavit that sets forth facts establishing that
(1) a specific offense has been committed, (2) the item to be seized
constitutes evidence of the offense or evidence that a particular person
committed the offense, and (3) the item is located at or on the person, place,
or thing to be searched.  Id. at § 18.01(c).  Probable cause
for a search warrant exists if, under the totality of the circumstances
presented to the magistrate, there is at least a “fair probability” or
“substantial chance” that contraband or evidence of a crime will be found at
the specified location.  See Flores v. State, 319 S.W.3d 697, 702
(Tex. Crim. App. 2010) (citing Illinois v. Gates, 462 U.S. 213,
238, 243 n.13, 103 S. Ct. 2317, 2335 n.13, 76 L. Ed. 2d 527 (1983)). 

Generally,
we review a trial court’s ruling on a motion to suppress for an abuse of
discretion.  See Rocha v. State, 16 S.W.3d 1, 12 (Tex. Crim. App.
2000); see also Ramos v. State, 245 S.W.3d 410, 418 (Tex. Crim.
App. 2008).  An appellate court must view the evidence in the light most
favorable to the trial court’s ruling.  See State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006).  We afford almost total deference to a
trial court’s determination of historical facts.  See Montanez v.
State, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).  We do not engage in
our own factual review; we determine only whether the record supports the trial
court’s ruling.  See Rocha, 16 S.W.3d at 12. 

Analysis

Appellant
argues that the evidence should have been suppressed because the warrant return
is dated March 9, 2009 but the search warrant was issued in September 2009, the
information in the search warrant affidavit dated from September 2009, and the
alleged offense date is in September 2009.  The same page that contains the
March 9, 2009 notation also includes a signature by the magistrate acknowledging
that the “Peace Officer” delivered the return to the court and reiterating an
order that the “Peace Officer” maintain custody of the items seized.  That
signature is dated September 4, 2009, which is the day after the search warrant
was executed 

Texas
law requires that an officer, “[u]pon returning the search warrant, [] shall
state on the back of the same, or on some paper attached to it, the manner in
which it has been executed and shall likewise deliver to the magistrate a copy
of the inventory of the property taken into his possession under the warrant.” Tex. Code Crim. Proc. Ann. art. 18.10
(Vernon 2005).  The failure to execute a return or the execution of an
erroneous return does not serve to “vitiate the warrant.”  See Pecina v.
State, 516 S.W.2d 401, 404 (Tex. Crim. App. 1974).

Two
possibilities are suggested by the dates on the search warrant and the return. 
One is that the police officer prepared a list of seized items in March 2009,
but officers did not seek or execute the search warrant until September 2009. 
The other possibility is that the March 2009 notation is a typographical
error.  The trial court concluded that it was a typographical error.  This is a
reasonable conclusion in light of all the other documents.  Specifically, the
early September dates are repeated, counting file marks, at least twelve times
throughout the search warrant application, the search warrant affidavit, the
search warrant itself, and the return.  The trial court concluded that the
March date, which appears only once and was typographically set rather than
handwritten, was an error and that the other dates were correct.  The trial
court’s overruling of the motion to suppress was reasonable under the
circumstances.  We overrule Appellant’s first issue.

 

 

Sufficiency of the Evidence

In
his second issue, Appellant argues that the evidence is legally insufficient to
support the verdict.  Specifically, he argues that the evidence is insufficient
to show that he possessed methamphetamines.  

Applicable
Law 

The
due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence.  See Jackson v. Virginia,
443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979); See Brooks
v. State, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality
opinion).  Evidence is not legally sufficient if, when viewing the evidence in
a light most favorable to the verdict, no rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; see also Rollerson v. State,
227 S.W.3d 718, 724 (Tex. Crim. App. 2007).  Under this standard, a reviewing
court does not sit as a thirteenth juror and may not substitute its judgment
for that of the fact finder by reevaluating the weight and credibility of the
evidence.  See Brooks, 323 S.W.3d at 899; Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Instead, a
reviewing court defers to the fact finder’s resolution of conflicting evidence
unless that resolution is not rational in light of the burden of proof.  See
Brooks, 323 S.W.3d at 899-900.  The duty of a reviewing court is
to ensure that the evidence presented actually supports a conclusion that the
defendant committed the crime.  See Williams v. State, 235 S.W.3d
742, 750 (Tex. Crim. App. 2007).

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  A hypothetically correct jury charge
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict
the State’s theories of liability, and adequately describes the particular
offense for which the defendant is tried.”  Id.

As
charged in the indictment, the State’s evidence had to show that Appellant
knowingly possessed, with intent to deliver, a controlled substance listed in
penalty group 1 in an amount of more than two hundred grams and less than four
hundred grams.  Tex. Health & Safety
Code Ann. § 481.112(e) (Vernon 2010).  Methamphetamines are listed
in penalty group 1.  Id. § 481.102(6) (Vernon 2010).  

 

Analysis

Appellant
argues that the evidence does not show that he possessed methamphetamine.  He
points out that he did not own the property where the methamphetamine lab was
located, and he argues that he was merely present when the police arrived.

            The
confidential informant used by the police to obtain the warrant testified.  His
testimony at trial differed in some respects from what the police reported in
the affidavit submitted in support of the search warrant.  For example, the
affidavit states that the confidential informant saw Appellant in possession of
hoses, Coleman fuel, glass ware, mason jars, red phosphorous, Sudafed, coffee
filters, and a liquid substance.  The confidential informant testified that he
saw Appellant in possession of Coleman fuel and hoses, but not Sudafed.  This
suggests, Appellant contends, that his testimony is not to be believed.

The
jury’s verdict did not rest entirely on the testimony of the confidential
informant.  Appellant admitted that he had manufactured methamphetamine at the
location where he was arrested with two other individuals at another time.  He
also admitted to engaging, or beginning to engage, in a transaction with the
confidential informant for five hundred pills that were a raw material for
methamphetamines.  

Additionally,
Michael Fancher, who was also arrested for the same offense, testified that he
and Appellant had “cooked” methamphetamines in the lab at his house a day or
two before the police raided the lab.  He testified that the methamphetamines
found by the police were the drugs they had manufactured, and that Appellant
had helped gather some of the pills and acetone that was used in the
manufacturing process.  Fancher was not a disinterested witness.  He stated
that the only reason he testified against Appellant is because Appellant had
“slandered” Fancher’s mother.  Finally, Appellant was present in the vicinity
of the drug lab when the police arrived.  

Appellant
is correct that a conviction may not be sustained solely on the testimony of an
accomplice unless there is corroborating evidence that tends to connect the
defendant with the offense committed.  See Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).[1]  In order to determine whether
the accomplice witness testimony is corroborated, we must eliminate all
accomplice evidence and determine whether the other inculpatory facts and
circumstances in evidence tend to connect the appellant to the offense. See McDuff
v. State, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997).  The
nonaccomplice evidence does not have to directly link the appellant to the
crime, nor does it alone have to establish his guilt beyond a reasonable doubt;
but rather, the nonaccomplice evidence merely has to tend to connect the
appellant to the offense.  Id. at 613. The appellant’s presence
in the company of the accomplice before, during, and after the commission of
the offense coupled with other suspicious circumstances may tend to connect the
appellant to the offense.  See Dowthitt v. State, 931 S.W.2d 244,
249 (Tex. Crim. App. 1996).  Moreover, evidence that the defendant was near or
at the place of the offense around the time of its occurrence is proper
corroborating evidence.  See Burks v. State, 876 S.W.2d 877, 888
(Tex. Crim. App. 1994).

Evidence
of Appellant’s guilt is sufficiently corroborated, and the evidence is
sufficient to support the conviction.  Appellant’s version of events was that
he did participate in manufacturing methamphetamine with Fancher, but he was
not involved in the particular manufacturing process that had recently been
concluded.  Furthermore, his presence at the scene was simply an unfortunate
happenstance.  The jury was entitled to disbelieve his version of events and to
conclude that he was, in fact, a participant in the manufacturing process of
the methamphetamines found at the lab and that he possessed the drugs found by
the police.  See Wesbrook v. State, 29 S.W.3d 103, 111–12 (Tex.
Crim. App. 2000); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986).  We hold that the evidence was sufficient to support the verdict
and the accomplice testimony was sufficiently corroborated.  We overrule
Appellant’s second issue.

 

Disposition

            Having
overruled Appellant’s two issues, we affirm the judgment of the
trial court.  

 

   
SAM GRIFFITH   

        
Justice

 

Opinion delivered July 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 




 









[1] The
accomplice witness rule is a statutorily imposed review and is not derived from
federal or state constitutional principles that define the legal sufficiency
standards.  See Malone v. State, 253 S.W.3d 253, 257 (Tex. Crim.
App. 2008).  We address both the accomplice witness rule and the legal
sufficiency of the evidence together because Appellant does so in his brief.